**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 26 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CORNELE A. OVERSTREET, | No. 21-16220 |
| Petitioner-Appellee, | D.C. No. 2:20-cv-02351-GMN-VCF |
| v. | |
| NP RED ROCK, LLC, DBA Red Rock Casino Resort & Spa, | MEMORANDUM* |
| Respondent-Appellant. | |

| | |
|---|---|
| CORNELE A. OVERSTREET, | No. 21-16355 |
| Petitioner-Appellant, | D.C. No. 2:20-cv-02351-GMN-VCF |
| v. | |
| NP RED ROCK, LLC, DBA Red Rock Casino Resort & Spa, | |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Argued and Submitted October 14, 2021
Honolulu, Hawaii

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: O'SCANNLAIN, MILLER, and LEE, Circuit Judges.
Concurrence by Judge MILLER

NP Red Rock, LLC, appeals the district court's entry of an injunction under section 10(j) of the National Labor Relations Act (NLRA), 29 U.S.C. § 160(j), requiring it to recognize and bargain with a union. Cornele Overstreet, Regional Director of the National Labor Relations Board, cross-appeals the district court's denial of an injunction requiring Red Rock to reinstate two terminated employees. We have jurisdiction under 28 U.S.C § 1292(a)(1), and we affirm.

1.      The district court did not abuse its discretion by granting preliminary injunctive relief based on violations of sections 8(a)(1) and 8(a)(5) of the NLRA, 29 U.S.C. § 158(a)(1) and (5). An employer violates section 8(a)(1) by conferring benefits "shortly before a representation election" if "the employer's purpose is to affect the outcome of the election." *NLRB v. Exchange Parts Co.*, 375 U.S. 405, 406 (1964). Here, new employee benefits were announced just days before the union election, and there was extensive evidence that those benefits were designed to discourage union support—or, as described in a document proposing new healthcare benefits, to "[t]ake[] away union power and major emotional draw to team members." The district court did not abuse its discretion in determining that Red Rock's grant of benefits was likely an unlawful labor practice rather than a permissible effort to stay "one step ahead" of union activity. *See Hampton Inn NY-JFK Airport*, 348 N.L.R.B. 16, 18 (2006). (The Regional Director also claimed that

Red Rock violated section 8(a)(1) by making threats to employees, but because the district court did not rely on that theory, we do not reach the issue.)

To establish a section 8(a)(5) violation, the union must have previously attained majority support. *Scott ex rel. NLRB v. Stephen Dunn & Assocs.*, 241 F.3d 652, 661 (9th Cir. 2001). The evidence supports the district court's conclusion that the union had likely attained majority status because it produced authorization cards representing more than half of the employee bargaining unit, notwithstanding the union's ultimate election loss. *See NLRB v. Gissel Packing Co.*, 395 U.S. 575, 601–09 (1969). And the district court did not err by relying on evidence that employees changed their votes for fear of losing the newly announced benefits.

Based on those findings, the district court did not abuse its discretion in issuing an interim *Gissel* bargaining order. *Gissel*, 395 U.S. at 610–15 (providing for collective bargaining orders where unfair labor practices are so disruptive that a fair union election cannot be held). It is true that "a bargaining order is an extraordinary and disfavored remedy," *Scott*, 241 F.3d at 664, and that "minor or less extensive unfair labor practices" with only "minimal impact on the election machinery" do not warrant a bargaining order, *Gissel*, 395 U.S. at 615. But *Gissel* "approve[d] the Board's use of the bargaining order in less extraordinary cases marked by less pervasive practices which nonetheless still have the tendency to undermine majority strength and impede the election processes." *Id.* at 614. And

the analogous facts of *Scott* compel our conclusion that the district court did not abuse its discretion by issuing an interim bargaining order based on a well-timed grant of benefits. 241 F.3d at 665–66. That the bargaining unit is large does not necessarily make a bargaining order inappropriate, particularly where the benefits offering affected all voters' deliberations. *See id.* at 665.

Not only must the Regional Director demonstrate a likelihood of success on the merits, but he must also establish "that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Frankl v. HTH Corp.*, 650 F.3d 1334, 1355 (9th Cir. 2011) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). The district court did not abuse its discretion in determining that those factors favored the grant of an injunction. "In the context of the NLRA, 'permit[ting an] alleged unfair labor practice to reach fruition and thereby render meaningless the Board's remedial authority is irreparable harm.'" *Id.* at 1362 (alteration in original) (quoting *Miller v. California Pac. Med. Ctr.*, 19 F.3d 449, 460 (9th Cir. 1994) (en banc)). And the Regional Director's delay in seeking relief does not preclude the grant of an injunction. *See id.* at 1363–64.

2. The district court did not abuse its discretion by denying injunctive relief based on the Regional Director's claim under section 8(a)(3), which prohibits discrimination against employees on the basis of their union activity. 29 U.S.C.

4

§ 158(a)(3). The district court found that Red Rock likely had legitimate, non-pretextual reasons for laying off and failing to recall certain employees. There is conflicting evidence as to whether those decisions were made due to employees' union support or merely in accord with the company's return-to-work policy. Given that ambiguity, the court's finding was not clearly erroneous.

3.     The district court did not violate Red Rock's due-process rights. While the district court ruled on the basis of an incomplete administrative record, Red Rock's own failure to supplement the record—particularly given its inability to articulate what evidence it was prevented from introducing—does not constitute a due-process violation. Likewise, the district court was not required to give Red Rock an opportunity to present and cross-examine live witnesses. Red Rock had such an opportunity in front of the Board, and the district court correctly noted that its conclusions were "largely based on evidence whose character is not genuinely in dispute." Affidavits in place of a hearing are admissible in preliminary injunction proceedings. *See Herb Reed Enters., LLC v. Florida Ent. Mgmt., Inc.*, 736 F.3d 1239, 1250 n.5 (9th Cir. 2013); *Scott*, 241 F.3d at 662–63.

All pending motions are denied as moot.

**AFFIRMED.**

*Overstreet v. NP Red Rock, LLC*, No. 21-16220

MILLER, Circuit Judge, with whom O'SCANNLAIN and LEE, Circuit Judges, join, concurring:

A judicially imposed bargaining order constitutes "an extraordinary and disfavored remedy for violations of the NLRA." *Scott ex rel. NLRB v. Stephen Dunn & Assocs.*, 241 F.3d 652, 664 (9th Cir. 2001). Were we writing on a blank slate, I would agree with the District of Columbia Circuit that such an order is rarely, if ever, appropriate "based *solely* on the grant of economic benefits," and I would hold that it was not appropriate here. *Skyline Distribs. v. NLRB*, 99 F.3d 403, 411 (D.C. Cir. 1996); *see also id.* at 407–09 (questioning the reasoning of *NLRB v. Exchange Parts Co.*, 375 U.S. 405 (1964)). But we are not writing on a blank slate. In *Scott*, we held that the district court abused its discretion in denying a bargaining order after the employer had granted benefits "designed to impact the outcome of a representation election," an action we characterized as "a 'hallmark' violation of the NLRA" that was "'highly coercive' in its effect." 241 F.3d at 666 (quoting *NLRB v. Jamaica Towing Inc.*, 632 F.2d 208, 213 (2d Cir. 1980)). Although the employer in *Scott* had committed other violations besides the grant of benefits, the court did not discuss any of them in justifying the bargaining order. I therefore see no basis on which this case can be distinguished from *Scott*. Because we are bound by *Scott*—and only because we are bound by *Scott*—I agree that we must affirm the judgment of the district court.